1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  MARTIN ROMERO,

11          Plaintiff,                              CIV NO. S-05-0379 GGH

12      vs.

13  MICHAEL J. ASTRUE,[1]
    Commissioner of
14  Social Security,                                ORDER

15          Defendant.

16  _____/

17          Before the court is plaintiff's Motion for Attorneys' Fees under the Equal Access

18  to Justice Act (EAJA), filed November 27, 2006. The Commissioner asserts that the amount of

19  fees claimed is not reasonable. Counsel requests attorneys' fees in the amount of $5,819.84, and

20  has filed a reply, claiming justification for the fee request and requesting an additional amount of

21  $327.40 for preparing the reply. In the order entered on August 31, 2006, this court granted

22  plaintiff's motion for remand or summary judgment in part, and remanded the matter under

23  sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with that order, including

24  ─────────────────
       [1] Michael J. Astrue became Commissioner on February 12, 2007. Accordingly, he
25  should be substituted as defendant in this suit. Fed. R. Civ. P. 25(d)(1). No further action need
    be taken by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §
26  405(g).

1

direction that the ALJ obtain a more complete record.  As explained hereafter, the court will grant plaintiff's motion for attorneys' fees.

An applicant for benefits receiving a remand pursuant to sentence four of § 42 U.S.C. S 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits.  Schaefer v. Shalala, 509 U.S. 292, 113 S. Ct. 2625, 2631-32 (1993).  After Schaefer, pursuant to a sentence four remand, an applicant can recover attorneys' fees incurred in proceedings before the district court.  Plaintiff has moved for an award of attorneys' fees in the total amount of $6,147.24 for 2.3 hours of work at $156.79/hour for work in 2005, 32.6 hours of work at $163.70/hour for work in 2006, and 6 hours of paralegal work at $75/hour, pursuant to The Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412(d)(1).  Plaintiff seeks a cost of living adjustment ("COLA") to the statutory cap on attorneys' fees of $125/hour.

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorney fees and expenses within 30 days of final judgment in the action.  "The EAJA was enacted to reduce the chance that 'the expense of litigation involved in securing the vindication of . . . rights' would deter 'defen[se] against unreasonable governmental action.'"  Wolverton v. Heckler, 726 F.2d 580, 582 (9th Cir. 1984), quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 5, reprinted in 1980 U.S. Cong. & Ad. News 4984.  The court must allow the fee award unless it finds that the position of the United States was "substantially justified" or "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

The Commissioner does not argue that the fees should not be granted because the position of the United States was justified or because other special circumstances make an award unjust.  The Commissioner, however, argues that the amount of fees requested is unreasonable because the claim of hours expended is excessive.

\\\\\

The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154, 110 S. Ct. 2316 (1990); Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Taking a reasonable rate and multiplying it by a reasonable amount of expended hours is not the only task left to the district court under the EAJA.  Atkins, 154 F.3d at 989.  The court must also consider the results obtained.  Id.

In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125 may be justified to account for inflation.  See Ramon-Sepulveda v. INS, 863 F.2d 1458, 1463- 64 (9th Cir.1988) (adding inflationary adjustment to statutory maximum).  The COLA adjustment to the statutory cap is computed by multiplying the cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress.  Russell v. Sullivan, 930 F.2d 1443 (9th Cir. 1991).  The national, rather than local change in cost of living, should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute."  Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).  The Commissioner does not object to the hourly rate requested by plaintiff.  Therefore, plaintiff's hourly rate of $156.79 per hour for work performed in 2005 and $163.70 per hour for work done in 2006 will be utilized in the calculation.

Counsel requests a total fee, including work done in preparing a reply, in the amount of $6,147.24. Counsel has submitted declarations from two attorneys and one paralegal documenting 34.9 hours of attorney time at $156.79 to $163.70 per hour, and 6.0 hours of paralegal time at $75 per hour, pursuant to The Equal Access to Justice Act, ("EAJA"), 28

\\\\\

\\\\\

U.S.C. § 2412(d)(1).  Included in the total amount is $327.40 for two hours in preparing the reply at a rate of $163.70 per hour.[2]

   The Commissioner first claims that counsel has billed for clerical services such as "instructions re request extension," and "check PACER for status."  Cerney Decl. at 2; Bohr Decl. at 4.  The Commissioner asserts that these tasks are not ones traditionally performed by an attorney.[3]  See Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (holding that a prevailing party may recover fees only for work which an attorney traditionally performs); Granville House v. Dep't of Health, Educ. and Welfare, 796 F.2d 1046, 1050 (8th Cir. 1986), vacated on other grounds, 813 F.2d 881 (8th Cir. 1987) (holding that an attorney could not recover fees for work which could have been done by support staff).  Having carefully reviewed the pending petition, the court is of the opinion that these tasks are normally carried out in litigation and are compensable.

   The Commissioner next contends that 19.5 hours for researching and writing the memorandum in support of plaintiff's summary judgment motion is excessive in that it did not present any new issues, and that counsel was experienced with the case, having represented plaintiff in the administrative proceedings, and practiced as an attorney for twenty years, mostly in the area of Social Security law.  The hours expended by plaintiff's counsel and paralegal is reasonable for this social security case, especially in light of additional briefing and appearances not accounted for at the time the motion was filed on April 12, 2006.  See Paterson v. Apfel, 99 F. Supp. 2d 1212 n. 2 (C.D. Cal. 2000) (finding 33.75 hours plus 3.5 "fee" hours to be reasonable EAJA award; collecting cases).  Plaintiff's cited cases also support the number of hours expended.  See Mendoza v. Bowen, 701 F.Supp. 1471 (N.D. Cal. 1999) (finding fifty hours

---

[2] No declaration was submitted in support of fees claimed for preparing the reply.

[3] Defendant does not object to the $75 per hour paralegal rate.  See Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988), aff'd, 496 U.S. 154 (1990) (stating that usual billing rates for law clerks and paralegals are appropriate in EAJA case in order to minimize fees where work is of type that would otherwise be performed by an attorney).

reasonable despite lack of novel issues); Walton v. Massanari, 177 F. Supp.2d 359, 364-65 (E.D. Pa. 2001) (permitting fees for 53.6 hours spent on a 27 page brief). In this case, the motion itself was twenty pages long, with seven helpful exhibits which were twenty-one pages in length. Plaintiff also filed a seven page reply. Accordingly, the court finds plaintiff's claimed hours to be reasonable.

CONCLUSION

In sum, IT IS ORDERED that plaintiff's November 27, 2006, petition for EAJA fees is granted. Plaintiff is awarded attorney and paralegal fees pursuant to the EAJA in the amount of $6,147.24.

DATED: 5/18/07                              /s/ Gregory G. Hollows
                                            _____
                                            GREGORY G. HOLLOWS
                                            UNITED STATES MAGISTRATE JUDGE

GGH:076
Romero0379.eaja.wpd